```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
VANCE CAMPBELL as Executor of the Estate of Walter                 :
Campbell,                                                          :
                                                                   :
                                  Plaintiff,                       :       25-cv-1468 (LJL)
                                                                   :
         -v-                                                       :       ORDER
                                                                   :
MANUEL JULIO DE LA TORRE individually and as                       :
Administrator of the Estate of Manuel Jesus De La Torre             :
and Sylvia De La Torre,                                            :
                                                                   :
                                  Defendant,                       :
                                                                   :
         -and-                                                     :
                                                                   :
CANAIMA II, a drawing,                                             :
                                                                   :
                                  Defendant-in-rem.                :
                                                                   :
-------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  05/15/25

LEWIS J. LIMAN, United States District Judge:

Plaintiff, Vance Campbell, as Executor of the Estate of Wallace Campbell, moves for an order staying discovery in this case pending a ruling on Plaintiff's pending motion for judgment on the pleadings. The motion is granted.

The Court has discretion under Federal Rule of Civil Procedure 26(c) to stay discovery pending decision on a motion for judgment on the pleadings if the moving party demonstrates good cause. *See Golightly v. Uber Techs., Inc.*, 2021 WL 3539146, at *2 (S.D.N.Y. Aug. 11, 2021). "Courts consider: '(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion.'" *Hong Leong Finance Limited (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. May 22, 2013) (alteration in original) (quoting *Brooks v. Macy's Inc.*, 2010 WL 5297756, at *2 (S.D.N.Y. Dec. 21, 2010)); *see also*

*Cambridge Capital LLC v. Ruby Has LLC*, 2021 WL 2413320, at *1 (S.D.N.Y. June 10, 2021). In determining the strength of the motion to dismiss, a court considers whether it presents "substantial grounds" for dismissal, *Hong Leong*, 297 F.R.D. at 72 (quoting *Chrysler Capital Corp. v. Century Power Corp.*, 137 F.R.D. 209, 211 (S.D.N.Y. 2013)), or, in the alternative formulation presented by Judge Gorenstein, whether there is a "strong showing that [the party moving for the stay] is likely to succeed on the merits," *id.* at 73 (alteration in original) (quoting *U.S. S.E.C. v. Citigroup Global Mkts., Inc.*, 673 F.3d 158, 162–63 (2d Cir. 2012)).

Plaintiff's motion appears to be strong. The case involves a dispute between two Estates over the ownership of a drawing (the "Drawing") that Plaintiff acquired in November 1984. Dkt. No. 1 ¶ 12. Defendant demanded the return of the Drawing without success in June 2021. *Id.* ¶ 25. There is no indication Defendant has taken any action since that date to obtain the return of the Drawing. The motion turns on the pure legal question whether Defendant's June 2021 transmission of a letter demanding return of the Drawing, which was followed by the failure to return the Drawing, started the running of the three-year statute of limitations under New York law for actions to recover chattel, N.Y. C.P.L.R. 214(3), such that Plaintiff may now enjoy clear title to the Drawing. *See* Dkt. No. 19.

Defendant has not demonstrated he would suffer prejudice if discovery is stayed during the brief period of time necessary for the Court to decide the pending motion.[1] And the discovery sought by Defendant is broad. Defendant argues that he "should be entitled to discovery on Wallace Campbell's knowledge of the provenance of the Artwork, the De Law Rotte Family's efforts to reclaim its stolen art, and Wallace Campbell's communications with at

---

[1] Plaintiff has acted expeditiously, filing the motion only one month after Defendant's answer and one week after his amended answer.

least two (2) New York based auction houses." Dkt. No. 23 at 2.  Wallace Campbell died in February 2020, at which point the Drawing passed to his Estate.  Dkt. No. 1 ¶ 13.  Defendant also has raised questions regarding the authority of Vance Campbell to refuse the return of the Drawing on behalf of the Estate.  Dkt. No. 23 at 2.  If Plaintiff is correct that this action may be decided on the pleadings based solely upon the statute of limitations, Plaintiff should not be required to navigate such wide-ranging discovery.

The motion to stay discovery is GRANTED.  The parties are directed to request a discovery conference with the Court within two weeks of any order by the Court denying in whole or in part the motion for judgment on the pleadings.

SO ORDERED.

Dated: May 15, 2025
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge

3